IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEON FOY, #125322, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-946-F |
| | ) |
| BOB RILEY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION**

This cause of action is presently pending before this court on a 42 U.S.C. § 1983 complaint filed by Leon Foy ["Foy"], a state inmate incarcerated at the Elmore Correctional Facility. In this complaint, Foy challenges the conditions of confinement to which he is subjected at the Elmore Correctional Facility and asserts claims with respect to the general conditions of correctional facilities operated by the Alabama Department of Corrections. On November 28, 2005, inmate Larry Bailey filed a motion to intervene. *See Court Doc. No. 16*. The Prison Litigation Reform Act of 1996 requires "each individual prisoner to pay the full amount of the required [filing] fee." *Hubbard v. Haley, et al.*, 262 F.3d 1194, 1195 (11th Cir. 2001). Consequently, multiple prisoners are not entitled to enjoin their claims in a single cause of action. *Id*. Accordingly, it is

ORDERED that the motion to intervene filed by Larry Bailey be and is hereby DENIED. The plaintiff is advised that any inmate who seeks to challenge conditions of

confinement within the Alabama prison system may do so by filing a separate 42 U.S.C. § 1983 action. Each such complaint must be accompanied by either the $250 filing fee or an application for leave to proceed *in forma pauperis* accompanied by the inmate plaintiff's prison account statement for the last six months.

    Done this 1st day of December, 2005.

        /s/ Vanzetta Penn McPherson
        UNITED STATES MAGISTRATE JUDGE