IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEON FOY, # 125322 | ) |
|     Plaintiff | ) ) ) |
| v. | )   CIVIL ACTION NO. 2:05-CV-946-F ) ) |
| BOB RILEY, et al, | ) ) |
|     Defendants | ) |

## SPECIAL REPORT OF DEFENDANTS RILEY, KING, CAMPBELL AND WHALEY

Come now these Defendants, Governor Bob Riley, Attorney General Troy King, Commissioner Donal Campbell, and Paul Whaley, II, by and through counsel to submit their special report pursuant to the order of the court dated 24 October 2005.

### PARTIES

1. Plaintiff Leon Foy, AIS 125322, is incarcerated in the Elmore Correctional Facility of the Alabama Department of Corrections.

2. Defendant Bob Riley is Governor of the State of Alabama and is sued in his official capacity as well as individually.

3. Defendant Troy King is the Attorney General of the State of Alabama and is sued in his official capacity as well as individually.

4. Defendant Donal Campbell is the Commissioner of the Alabama Department of Corrections, serving at the pleasure of the Governor, and is sued is sued in his official capacity as well as individually.

1

5. Defendant Paul Whaley, II is an employee of the Alabama Department of Corrections, serving as the Director of Classification for the department and is sued in his official capacity as well as individually.

6. Defendant William Segrest is the Executive Director of the Alabama Board of Pardons and Paroles, and is sued in his official capacity as well as individually.

## PLAINTIFF'S ALLEGATIONS AND DEMANDS

The Plaintiff is incarcerated at the Elmore Correctional Facility (Elmore CF) and was so incarcerated at all times pertinent to this complaint. He alleges that the Defendants are operating Alabama prisons in a manner resulting in conditions of confinement that violate his Eighth and Fourteenth Amendment right to be free of cruel and unusual punishment, that Elmore Correctional Facility as well as Julia Tutwiler Correctional Facility and all other Alabama Department of Corrections correctional facilities are overcrowded with insufficient facilities that are operated improperly, are understaffed and without adequate medical care to the point that the health and safety of inmates is seriously threatened in violation of the Eighth and Fourteenth Amendments. He specifically alleges that Elmore CF houses twice as many inmates as it was designed to house, that the staff shortages create a dangerous climate for inmates, that the kitchen facilities are too small, that the food service is unsanitary, that inmates with infectious diseases work in the kitchen, that there have been outbreaks of infectious disease due to the overcrowding, that non-dangerous inmates are housed with dangerous inmates, that Elmore CF does not have a hospital facility for inmates and that the telephone charges for inmates are three times higher than telephone charges for people outside of prisons.

The Plaintiff demands the following relief, to wit, a judgement that the Defendants are violating the Plaintiff's Eight and Fourteenth Amendment right to be free

2

of cruel and unusual punishment by virtue of the overcrowded, dangerous and unsanitary conditions in Elmore CF, an injunction to prohibit any further illegal conduct by the Defendants and to order the Defendants to release the Plaintiff from the custody of the Alabama Department of Corrections, damages in the amount of $300,000,000 and payment of costs and reasonable attorney fees. The Plaintiff also requests that this Honorable Court order the Defendants to not transfer him in retaliation for filing this civil action.

## DEFENDANT'S EXHIBITS

Exhibit A– Affidavit of Defendant Donal Campbell

Exhibit B – Affidavit of Willie Thomas, Warden of Elmore Correctional Facility.

Exhibit C – Affidavit of Defendant Paul Whaley

Exhibit D – Food Service Inspection Report by Alabama Department of Public Health.

Exhibit E – AR 700, Food Service Administration[1]

Exhibit F – AR 403, Disciplinary Proceedings for Major Rule Violations.

Exhibit G – AR 400, Classification of Inmates

Exhibit H – ADOC Monthly Statistical Report, September, 2005.

Exhibit I – AR 431, Inmate Telephone System

## DEFENDANTS' RESPONSE

1. The Defendants deny that any of the Plaintiff's constitutional rights have been violated.

2. The complaint fails to state a claim upon which relief can be granted.

3. The Plaintiff lacks standing to bring this action.

---

[1] The ADOC website contains an index of all ADOC administrative regulations. Regulations that are not restricted for distribution may be viewed or downloaded. http://www.doc.state.al.us/adminregs.asp.

3

4. The Defendants cannot be held liable in a 42 U.S.C § 1983 civil action for violations of the Plaintiff's constitutional rights under a theory of Respondeat Superior.

5. The Defendants have sovereign immunity pursuant to § 14 of the Alabama Constitution of 1901 and the Eleventh Amendment of the United States Constitution.

6. The Defendants have Qualified Immunity.

7. The Court lacks subject matter jurisdiction.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. *Celotex Corp. v. Catrett*, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. *Id.* Merely submitting restated allegations of the complaint is not sufficient to meet the non-movant's burden. *Morisky v. Broward County*, 80 F.3d. 445, 448-449 (11th Cir. 1996). This case is ripe for summary judgment because there is no genuine issue of fact to his claims and the defendants are entitled to judgment as a matter of law.

## ARGUMENT OF FACT AND LAW

The Plaintiff, a male who is incarcerated at Elmore CF, catalogs in his complaint alleged shortfalls of the Elmore Correctional Facility physical plant and daily operations that result in conditions of confinement that he believes are in violation of his Eighth Amendment right to be free of cruel and unusual punishment. However, the Plaintiff failed to set forth specific and concrete facts of even one single, demonstrable,

4

particularized injury that he has suffered or threatened injury that he will suffer in the future as the result of the conditions of his confinement or the policies and practices employed in operating the Elmore Correctional Facility. Furthermore, he failed to state any specific personal actions taken by any of the Defendants that resulted in his injury. (Please note that the term "injury" does not refer to physical injury to the exclusion of any other sort of injury as the term is generally known in the English language, to wit, a wrong, an injustice or a violation of one's rights.[2] Injury as used in this document encompasses the full spectrum of the definition including but not limited to a violation of the Plaintiff's constitutional rights.)

To the extent that the Plaintiff predicates his claim upon some deliberate indifference of the Defendants to his conditions of confinement while acting in their supervisory capacity, he failed to aver specific facts to prove a causal connection linking their supervisory actions to the violations averred by him. Indeed, he failed to aver any facts proving a specific and particular action or want of action of any Defendant acting in a supervisory capacity or in any other capacity whatsoever, whether individually or officially. Finally, the Plaintiff did not state any facts or law that could even possibly establish that the Attorney General has any authority, duty or responsibility for correctional facilities of the Alabama Department of Corrections.

The Defendants have raised the issues of lack of standing, hence jurisdiction, as well as failure to state a claim upon which relief can be granted. The Plaintiff lacks

---

[2] Merriam Webster defines injury as follows: **1 a** : an act that damages or hurts : **WRONG  b** : violation of another's rights for which the law allows an action to recover damages
**2** : hurt, damage, or loss sustained
**synonym** see INJUSTICE   http://www.m-w.com/dictionary/injury

standing and therefore this Honorable Court lacks jurisdiction. Without standing, the Plaintiff fails to state a claim upon which relief can be granted. Standing is essential to jurisdiction. "[A] litigant may only assert his own constitutional rights or immunities." *McGowan v. Maryland*, 366 U. S. 420, 429 (1961), citing *United States v. Raines*, 362 U.S. 17, 22 (1961). The essence of a standing question is whether the plaintiff has alleged "a personal state in the controversy." *Harris v. McRae*, 448 U. S. 297, 320 (1981). The plaintiff must assert "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of the issues upon which the court so largely depends for the illumination of difficult constitutional questions." *Harris v. Evans*, 20 F. 3d 1118, 1121 (11th Cir. 1994) citing *Saladin v. City of Milledgeville*, 812 F. 2d 687, 690 (11th Cir. 1987)(internal citations omitted).

The Plaintiff did not set forth in his complaint any demonstrable, particularized injury to him. His complaint does not date, describe or otherwise pinpoint any act, omission, or breach of duty which has resulted in any specific injury, whether actual or threatened, to him. The Plaintiff's standing or "personal stake" in this controversy rests entirely upon the implication that his custodial confinement at Elmore CF necessarily means that his constitutional rights to be free of cruel and unusual punishment were violated. This does not suffice to establish standing. Furthermore, he attempts to assert the rights of prisoners in Julia Tutwiler CF as well as all the others. Clearly, this he cannot do.

The threshold showing for standing must demonstrate, as an "irreducible constitutional minimum, (1) that the plaintiff has suffered an injury in fact, (2) that the injury is fairly traceable to the actions of the defendant, and (3) that the injury will likely

6

be redressed by a favorable decision. *Lufan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992); *Miccosukee Tribe of Indians of Florida v. Florida State Athletic Commission*, 226 F.3d 1226 (11th Cir. 2006); *Harris v. Evans*, 20 F. 3d 118, 1121 (11th Cir. 1994). An "injury in fact" requires an invasion of a legally protected interest which is both concrete and particularized as well as actual or imminent, not conjectural or hypothetical. See *Miccosukee Tribe of Indians of Florida*, 226 F. 3d 1226 at 1229; *E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979, 984 (11th Cir. 1996).

Simply stated, the lack of particularized facts concerning a threatened or actual injury to the rights of the Plaintiff squarely present the issue of whether he is asserting his rights or the rights of others.

The Plaintiff seeks damages as well as injunctive relief in this action which was filed pursuant to 42 U.S.C. § 1983 which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

It should be noted that not a single Defendant is responsible for the daily operations of the Elmore Correctional Facility. Defendant Bob Riley is the Governor and appoints the Commissioner of Corrections. Defendant Donal Campbell is the

7

Commissioner of Corrections and he administers the Department of Corrections though his staff and employees of the Department. One of those employees is Defendant Paul Whaley who is the Director of Classifications for the Department of Corrections and who likewise discharges his duties through subordinates. Defendant Troy King is the Attorney General of Alabama whose duties are set by statute, Ala. Code 36-15-1, et seq. Those duties do not include management responsibilities of the Alabama Department of Corrections and its correctional facilities. None of these defendants are responsible for the daily operations of Elmore CF and therefore could only be vicariously responsible for any constitutional violations of the Plaintiff's right to be free of cruel and unusual punishment that occurred at Elmore CF caused by agents or employees of the Defendants.

The law is well settled that defendants cannot be held liable, individually or in their official capacities, for actions brought pursuant to 42 U.S. C. § 1983 under the doctrine of respondeat superior or on the basis of vicarious liability. *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir 1994); *Brown v. Crawford*, 906 F. 2d 667, 671 (11th Cir. 1990); *Zatler v. Wainwright*, 802 F. 2d 397, 401 (11th Cir. 1986).

The Plaintiff seeks to hold the Defendants liable in their roles as supervisors. To recover individually from those who act in a supervisory capacity, the Plaintiff must show that they are liable either through their personal participation in the acts comprising the alleged constitutional violation or the existence of a causal connection linking their actions with violation. *Hill v. Dekalb Regional Youth Facility*, 40 F. 3d 1176, 1192 (11th Cir. 1994). A causal connection can be shown when there is a history of widespread abuse that should put the supervisor on notice of the problem, and the supervisor nevertheless fails to take corrective measures. *Bozeman v. Orum*, 199 F. Supp. 2d 1216,

8

1233 (M.D. Ala.2002), citing *Hartley v. Parnell*, 193 F. 3d 1263, 1269 (11th Cir. 1999). Such a connection could also be shown when an improper custom or policy established by the supervisor results in deliberate indifference to constitutional rights. Id., citing *Rivas v. Freeman*, 940 F. 2d 1491. The Plaintiff did not set forth sufficient facts to demonstrate that the Defendants have any supervisory liability.

 The Defendants in their official capacity have asserted that they are immune from suit pursuant to the Eleventh Amendment and § 14, Alabama Constitution of 1901. When a government defendant is sued in his official capacity under federal law, the claim is treated as a claim directly against the state or local government entity. Consequently the Defendants are protected by sovereign immunity under the Eleventh Amendment for claims for money damages against them in their official capacities. *Jackson v. Georgia Dep't of Trans.*, 16 F 3d 1573, 1575 (11th Cir. 1994); *Lancaster v. Monroe County, Ala.*, 116 F. 3d. The Defendants have not consented to suit nor have they waived their right to sovereign immunity. The State of Alabama has not consented to suit or waived its right to sovereign immunity as evidenced by § 14, Alabama Constitution of 1901.

 Sued in their individual capacities also, the Defendants assert that they are entitled to the protection of qualified immunity. Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Dalrymple v. Reno*, 334 F.3d 991, 994 (11th Cir.2003)(quoting *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002)). In determining whether qualified immunity is appropriate in a given case, "[t]he court must first ask the threshold question whether the facts alleged, taken in the light most favorable to the plaintiffs, show that the government official's conduct violated

9

a constitutional right." *Dalrymple,* 334 F.3d at 995 (citing *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).

The Eighth Amendment protects incarcerated prisoners from punishment that is "cruel and unusual." *Whitley v. Albers,* 475 U.S. 312, 318, 106 S.Ct. 1078, 1083, 89 L.Ed.2d 251 (1986); *see also Ingraham v. Wright,* 430 U.S. 651, 664, 97 S.Ct. 1401, 1408-09, 51 L.Ed.2d 711 (1977). Specifically, the Eighth Amendment "prohibits the unnecessary and wanton infliction of pain ..., the infliction of pain totally without penological justification ..., [and] the infliction of punishment grossly disproportionate to the severity of the offense." *Ort v. White,* 813 F.2d 318, 321 (11th Cir.1987) (citing *Rhodes v. Chapman,* 452 U.S. 337, 346, 101 S.Ct. 2392, 2398, 69 L.Ed.2d 59 (1981)). Further, "[t]he 'cruel and unusual punishments' standard applies to the conditions of a prisoner's confinement." *Chandler v. Crosby,* 379 F.3d 1278, 1288 (11th Cir.2004) (citing *Rhodes,* 452 U.S. at 345-46, 101 S.Ct. at 2398- 99). The Eighth Amendment, however, "does not authorize judicial reconsideration of 'every governmental action affecting the interests or well-being of a prisoner.' " *Campbell v. Sikes,* 169 F.3d 1353, 1362 (11th Cir.1999) (quoting *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986)). Furthermore, "the Constitution does not mandate comfortable prisons." *Rhodes,* 452 U.S. at 349, 101 S.Ct. at 2400. "If prison conditions are merely 'restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.' " *Chandler,* 379 F.3d at 1289 (quoting *Rhodes,* 452 U.S. at 347, 101 S.Ct. at 2399). Prison conditions violate the Eighth Amendment only when they "involve the wanton and unnecessary infliction of pain." *Id.*

In *DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 109 S.Ct.

998, 103 L.Ed.2d 249 (1989), the United States Supreme Court reiterated the State's constitutional responsibilities with regard to inmates:

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being.... The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs-- e.g., food, clothing, shelter, medical care, and reasonable safety--it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause.
> *5 DeShaney, 489 U.S. at 199-200, 109 S.Ct. at 1005-1006 (citations omitted).

In order to prevail on an Eighth Amendment inhumane conditions of confinement claim, an inmate must make both an objective and a subjective showing. First, the inmate must prove that the conditions of confinement were, "objectively, 'sufficiently serious" ' so as to amount to the denial of a basic human need. *Chandler,* 379 F.3d at 1289 (quoting *Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992)). A prisoner must prove the denial of "the minimal civilized measure of life's necessities." *Chandler,* 379 F.3d at 1289 (quoting *Rhodes,* 452 U.S. at 347, 101 S.Ct. at 2399). The challenged condition must be "extreme." *Id.* Although an inmate "need not await a tragic event" before seeking relief, *Helling v. McKinney,* 509 U.S. 25, 33, 113 S.Ct. 2475, 2481, 125 L.Ed.2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id.* at 35, 113 S.Ct. at 2481. Moreover, the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of

11

confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.
*Id.* at 36, 113 S.Ct. at 2482.

Second, the inmate must prove that the prison official was subjectively "deliberately indifferent" to a substantial risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 828-29, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838, 114 S.Ct. at 1979. In addition, prison officials are not liable even if they actually knew of a risk if they responded reasonably to the risk. *Farmer*, 511 U.S. at 844, 114 S.Ct. at 1982-83. Moreover, "[a] plaintiff must also show that the constitutional violation caused his injuries." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1028 (11 th Cir.2001) (en banc) (alteration in original).

The Defendants have not acted violated the Plaintiff's constitutional rights. The language of the complaint in this case is remarkably similar to the language discussed by this Honorable Court in *Nichols v. Bob Riley, et al*, Civil Action No. 2:03CV685-A, Middle District of Alabama, Southern Division, 2004 in which this Court concluded that

the conditions of confinement did not violate the Plaintiff's Eighth and Fourteenth Amendment rights to be free of cruel and unusual punishment. The Defendants urge the conditions of confinement described by the Plaintiff are not unlawful.

## CONCLUSION

The Defendants respectfully request that upon consideration of this matter that this Honorable Court will consider this a motion for summary judgement and enter judgement in favor of the Defendants.

Respectfully submitted on this the 5th day of December, 2005.

                TROY KING
                ATTORNEY GENERAL

                /s/ Jack Wallace, Jr.
                Jack Wallace, Jr.   WAL047
                Assistant Attorney General

Address of Counsel:

Office of the Attorney General
11 South Union Street
Montgomery, AL  36130
334.353.8671

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a true and correct copy of the foregoing upon the Plaintiff by First Class Mail on this the 5th day of December, 2005.


Leon Foy
AIS #125322
Elmore Correctional Facility
P. O. Box 8
Elmore, AL  36025

William Segrest
Executive Director of Pardons & Paroles
301 S. Ripley Street
Montgomery, AL 36130


                                                  /s/ Jack Wallace, Jr.