| | |
|---|---|
| STATE OF ALABAMA: | CIVIL ACTION NO. 2:05-947-F |
| MONTGOMERY COUNTY: | RONNIE MCCLAIN #133958 |
| | FOY, LEON #125322 |
| | WALKER, WILLIAM k. #212483 |
| | MOSE, ROY #197649R |
| | WEBSTER, ANDRE L. #159444 |

## A F F I D A V I T

My name is Paul Whaley II and I am presently employed as the Director of Classification, Alabama Dept. of Corrections, P O Box 301501, Montgomery, Alabama 36130. I am over the age of twenty-one years. I have 27 years' experience with the Alabama Dept. of Corrections, all in the area of inmate classification. I worked at Kilby as the institutional classification specialist for five years managing a caseload as well as performing intake and reclassification duties. Following that, I served 9 ½ years as a member of the Central Review Board where the vast majority of classification determinations statewide relative to placements, programs, custodies, institutional assignments and security levels were made. I have served as the Director of Classification for 12 years. I have attended specialized training with the National Institute of Corrections. I hold Masters' degrees in both Criminal Justice and Counseling. I hold a specialized instructor's certificate (#647) issued by the Peace Officers' Standards and Training Commission. I have given presentations around this state to Circuit Judges, District Attorneys, and attorneys for CLE credit. I am qualified to testify to the following with respect to the issues raised in this pleading.

This litigation charges that I am exercising deliberate indifference for the number of prisoners currently being housed in the Alabama Department of Corrections, their day to day living arrangements, conditions as alleged at various facilities, overcrowding, officer to inmate ratios, and other issues. This I deny.

I am Director of inmate Classification. I have no control over how many inmates choose to commit crimes or how many are placed in the custody of the Alabama Department of Corrections by duly constituted courts of law. Terms of confinement are

EXHIBIT C

Page 2 Case 2:05-CV-947

set by the sentencing courts and the amount of time an inmate must serve is set by statute as promulgated by the Alabama legislature. I have nothing to do with building prisons or insuring every inmate is satisfied with confinement. Appropriations for money to construct new prisons are a function of the Alabama Legislature, not me. I have nothing to do with the hiring of officers or any shortage thereunto. Salary scales for correctional officers are set by state law and if the compensation is not sufficient to attract enough officer applicants, then that is a matter for the state legislature to address, not me. Applicants who do apply, but who cannot pass a drug test, background check, physical agility test, or the academic qualifications are beyond my ability to control even if I had anything whatsoever to do with such matters which I do not.

    I have no personal knowledge of the conditions at any institution as outlined in the complaint. Even if I did, the management and utilization of any facility falls under the purview of the warden or supervisor of their respective facility and then they can do no more than with that the state of Alabama has afforded them to work with. Any issue of female living conditions have already been addressed in federal court and accommodation reached. I was not party to that action. No male prisoner should have any standing to include perceptions of Tutwiler in any litigation revolving around their own situations.

    Criminal offenders choose to commit their crimes and the courts send those unfit to remain in society to the custody of the Alabama Department of Corrections. If the population is increasing, it is because more crimes are being committed. The ADOC has no control whatsoever over the number of inmates sentenced to prison, their term of confinement, or their release from prison. The ADOC has no control over how much money is appropriated by the legislature to operate the system. The Parole Board is a separate government entity with its own rules and policies governing the parole of prisoners. Funding for capitol improvement and salaries are a function of the state legislature. The ADOC cannot compel adequate funding nor undertake any effort of construction without funding and sanction by the legislature. The ADOC is compelled to utilize those resources it is afforded to best manage the burgeoning inmate population.

    I deny any violation as alleged in either my individual or official capacity.

Page 3 Case 2:05-CV-947

_____
Paul Whaley II

STATE OF ALABAMA:

COUNTY OF MONTGOMERY:

SWORN TO AND SUBSCRIBED before me this the 28th day of October, 2005.

_____
Notary Public