IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF
ALABAMA NORTHERN DIVISION

LOEN FOY#125322
    PLAINTIFF,                       *

VS.                                     *

BOB RILEY,et al,.                * CIVIL ACTION NO:2:05-CV-946-F
    DEFENDANT[S]
                                   *

PLAINTIFF FOY ANSWER TO SPECIAL
REPORT OF DEFENDANT[S]

COMES NOW,THE PLAINTIFF,LEON FOY#125322 PRO-SE AND SUBMIT HIS ANSWER TO SPECIAL REPORT OF DEFENDANT[S]PURSUANT TO THE ORDER OF THE COURT DATED 20TH OF DECEMBER 2005.THE COMPLAINT IN THIS LAWSUIT CHARGES THAT CONDITIONS FOR INMATES AT ELMORE CORRECTIONAL FACILITY IN THE STATE OF ALABAMA PRISON SYSTEM VIOLATE THE EIGHT AMENDMENT TO THE UNITED STATES CONSTITUTION.THE PLAINTIFF,LEON FOY#125322 ARE A PRISONER INCARCERATED AT ELMORE CORRECTIONAL FACILITY LOCATED IN ELMORE,ALABAMA.

PARTIES

DEFENDANT[S]GOVERNER BOB RILEY,DEPARTMENT OF CORRECTIONS COMMISSIONER DONAL CAMPBELL,ATTORNEY GENERAL TROY KING,DIRECTOR OF CLASSIFICATION PAUL WHALEY II.

THE PLAINTIFF HAVE BROUGHT SUIT ON BEHALF OF HIMSELF AND ALL OTHER SIMILARILY SITUATED CURRENT AND FUTURE FEMALE/MALE STATE PRISONERS IN ALABAMA.PURSUANT TO STATUTORY CLAIMS 42 U.S.C.SECTION 1983,1985(3) AND 1986 CHALLENGING THE UNCONSTITUTIONAL INHUMANE CONDITIONS THAT ARE FOUND TO EXIST IN THE ALABAMA PENAL INSTITUTIONS PLAINTIFF IS SEEKING DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF AS WELL AS MONETARY DAMAGES.

## DEFENDANT[S] ALLEGATIONS AND RESPONSE TO

### THE ORDER OF THE COURT

THE DEFENDANT[S]RAISED IN THEIR SPECIAL REPORT THEY ARE IMMUNE FROM SUIT PURSUANT TO THE ELEVENTH AMENDMENT AND SECTION 14,ALABAMA CONSTITUTION OF 1901 AND ALLEGED THEY HAVE NOT CONSENTED TO THIS SUIT NOR HAVE THEY WAIVED THEIR RIGHTS TO SOVEREIGN IMMUNITY AND THAT THE STATE OF ALABAMA HAS NOT CONSENTED TO BE SUED OR WAIVED IT'S RIGHTS TO SOVEREIGN IMMUNITY.THE DEFENDANT[S]ALSO ALLEGED THAT THEY ARE ENTITLED TO THE PROTECTION OF QUALIFIED IMMUNITY WHEN THEY ARE SUED IN THEIR INDIVIDUAL CAPACITIES.THEY SPECIFICALLY ALLEGES THAT QUALIFIED IMMUNITY PROTECTS GOVERNMENT OFFICIALS PERFORMING DISCRETIONARY FUNCTIONS FROM SUITS IN THEIR INDIVIDUAL CAPACITIES UNLESS THEIR CONDUCT VIOLATES **"CLEARLY ESTABLISHED STATUTORY OR CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN."**FURTHERMORE,THE DEFENDANT[S]CLAIMS THEY ARE NOT LIABLE UNDER SECTION 1983 FOR DELIBERATE INDIFFERENCE TO THE CONSTITUTIONAL VIOLATIONS COMMITTED BY SUBORDINATES.THE DEFENDANT[S] HAVE RAISED THE ISSUES OF LACK OF STANDING HENCE JURISDICTION,AS WELL AS FOY HAS FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. THE DEFENDANT[S]ALLEGES THAT THE PLAINTIFF DID NOT SET FORTH IN HIS COMPLAINT ANY DEMONSTRABLE,PARTICULARIZED INJURY TO HIM.HIS COMPLAINT DOES NOT DATE,DESCRIBE OR OTHERWISE PINPOINT ANY ACT,OMISSION,OR BREACH OF DUTY WHICH HAS RESULTED IN ANY SPECIFIC INJURY,WHETHER ACTUAL OR THREATENED,TO HIM.THE PLAINTIFF STANDING OR**"PERSONAL STAKE"**IN THIS CONTROVERSY RESTS ENTIRELY UPON THE IMPLICATION THAT HIS CUSTODIAL CONFINEMENT AT ELMORE CF NECESSARILY MEANS THAT HIS CONSTITUTIONAL RIGHTS TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT WERE VIOLATED. THIS DOES NOT SUFFICE TO ESTABLISH STANDING.

## PLAINTIFF'S EXHIBITS

EXHIBIT A-AFFIDAVIT OF PLAINTIFF LEON FOY

EXHIBIT B-AFFIDAVIT OF INMATE TOMMY L.WILLIAMS OF ELMORE CORR.FAC.

EXHIBIT C-AFFIDAVIT OF INMATE TERRANCE CULLIVER OF ELMORE CORR.FAC.

EXHIBIT D-AFFIDAVIT OF INMATE RODERICK HIGHTOWER OF ELMORE CORR.FAC.

EXHIBIT E-AFFIDAVIT OF INMATE DARRELL D.MADDEN OF ELMORE CORR.FAC.

EXHIBIT F-AFFIDAVIT OF INMATE DEWEY E.GOINS OF ELMORE CORR.FAC.

EXHIBIT G-AFFIDAVIT OF INMATE BARRY COLLINS OF ELMORE CORR.FAC.

EXHIBIT H-AFFIDAVIT OF INMATE WALTER HILL OF ELMORE CORR.FAC.

EXHIBIT I-AFFIDAVIT OF INMATE WAYNE YEOMANS OF ELMORE CORR.FAC.

EXHIBIT J-AFFIDAVIT OF INMATE KILPATRICK LANE OF ELMORE CORR.FAC.

EXHIBIT K-DISCIPLINARY OF INMATE CLIFFORD ELLIS OF ELMORE CORR.FAC.

EXHIBIT L-ELMORE CORRECTIONAL FACILITY INMATES NEWSLETTER.

EXHIBIT M-DISCIPLINARY OF INMATE LARRY BAILEY OF ELMORE CORR.FAC.

EXHIBIT N-ALABAMA DEPARTMENT OF CORRECTIONS 2003/MONTHLY REPORT STAFF.

EXHIBIT O-ALABAMA DEPARTMENT OF CORRECTIONS MONTHLY/2005 REPORT STAFF.

EXHIBIT P-DIAGRAM OF ELMORE CORR.FAC.DORMITORIES

EXHIBIT Q-DIAGRAM OF ELMORE CORR.FAC.BATHROOMS

EXHIBIT R-AFFIDAVIT/PETITIONS OF INMATES OF ELMORE CORR.FAC.

PLAINTIFF'S ALLEGATIONS AND
RESPONSE TO THE ORDER OF THE COURT

1. DEFENDANT[S]IS GUILTY OF DELIBERATE INDIFFERENCE BY CREATING A SUBSTANTIAL RISK OF BODILY HARM TO FOY OR DISREGARDED THE SUBSTANTIAL RISK OF SAFETY TO OTHER INMATES.

2. PLAINTIFF[s]FOY COMPLAINT IS ADEQUATE TO STATE A CLAIM AGAINST THE DEFENDANT[S]ENTITY.

3. PLAINTIFF'S HAVE STANDING TO RAISE THE STATUTORY 42 U.S.C.SECTION 1983,1985(3)1986 CLAIMS CHALLENGING UNCONSTITUTIONAL MANNER RESULTING IN CONDICTIONS OF CONFINEMENT THAT VIOLATE FOY AND OTHER SIMILARILY SITUATED CURRENT AND FUTURE FEMALE/MALE STATE PRISONERS.

4. THE DEFENDANT[S]CAN BE HELD LIABLE IN A 42 U.S.C.SECTION 1983 CIVIL ACTION FOR VIOLATIONS OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER A THEORY OF RESPONDANT[S]SUPERIOR WHERE THEIR CONDUCT VIOLATES CLEARLY ESTABLISHED STATUTORY OR CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN.

5. DEFENDANT[S]CANNOT CLAIM SOVEREIGN IMMUNITY PURSUANT TO SECTION 14,OF THE ALABAMA CONSTITUTION OF 1901 OR THE ELEVENTH AMENDMENT OF THE UNITED STATE CONSTITUTION WHERE THEY ARE BEING SUED IN THEIR INDIVIDUAL CAPACITIES.

6.DEFENDANT[S]CANNOT CLAIM QUALIFIED IMMUNITY WHERE STATUTORY 42 U.S.C. SECTION 1983,1985(3)AND 1986 PERMITTED THE PLAINTIFF TO RECOVERY FOR CONSPIRACIES TO VIOLATE CLEARLY SETTLED RIGHTS.

7. THIS COURT CLEARLY HAVE SUBJECT•MATTER JURISDICTION OVER FOY STATUTORY CLAIMS UNDER 28 U.S.C SECTION 1343(3).

## SUMMARY JUDGMENT STANDARD

A PARTY WHO MOVES FOR SUMMARY JUDGMENT UNDER FED.R.CIV.P.56 MUST MEET AN EXACTING STANDING.HE BEARS THE ENTIRE BURDEN OF DEMONSTRATING THAT THERE IS NO GENUINE DISPUTE AS TO ANY MATERIAL FACT AND THAT HE IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.<u>UNITED STATE V.HANGAR ONE,INC.</u> 563 F.2d 1155(5th CIR.1977).

THE COURT MAY NOT RESOLVE ANY MATERIAL FACTUAL DISPUTE,BUT MUST DENY THE MOTION AND PROCEED TO TRIAL IF IT FINDS THAT SUCH AN ISSUE EXISTS.<u>COLE V.CHEVRON CHEMICAL CO,</u>427 F.2d 390,393(5th CIR.1970)CERT DENIED,414 U.S858,(1973).

APPLYING THESE PRINCIPLES TO THIS CASE,A SUMMARY JUDGMENT SHOULD BE GRANTED ONLY WHEN THE TRUTH IS CLEAR.A SUMMARY JUDGMENT MAY BE IMPROPER EVEN THOUGH THE BASIC FACTS ARE UNDISPUTED IF THE PARTIES DISAGREE REGARDING THE MATERIAL FACTUAL INFERENCES THAT PROPERLY MAY BE DRAWN FROM THESE FACTS.

## ARGUMENT OF FACTS AND LAW

THE DEFENDANT[S]ARE BEING SUED IN THEIR OFFICIAL CAPACITIES AS WELL AS INDIVIDUALLY.PURSUANT TO STATUTORY CLAIMS 42 U.S.C.SECTION 1983,1985 AND 1986.THE PLAINTIFF FOY IS SEEKING DECLARATORY AND INJUNCTIVE RELIEF AS WELL AS MONETARY DAMAGES FOR VIOLATING HIM AND ALL OTHERS SIMILARILY SITUATED CURRENT AND FUTURE FEMALE/MALE STATE PRISONERS IN ALABAMA OF THEIR EIGHTH AND FOURTEENTH AMENDMENT RIGHTS TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT.DEFENDANT[S]ARGUES THAT THEY ARE NOT RESPONSIBLE FOR THE DAILY OPERATIONS OF THE ELMORE CORR- ECTIONAL FACILITY.PLAINTIFF FOY ARE NOT IN TOTALLY DISAGREEMENT WITH THIS ARGUMENT,BECAUSE THERE SEEMS TO BE NO ONE OVER SEEING THE ELMORE

CORRECTIONAL FACILITY OR ANY OTHER ALABAMA INSTITUTIONS.DEFENDANT DONAL CAMPBELL WAS APPOINTED BY THE DEFENDANT GOVERNOR BOB RILEY AS THE COMMISSIONER OF CORRECTIONS.THESE TWO DEFENDANT[S]ARE RESPONSIBLE FOR THE ALLEGED CONSTITUTIONAL VIOLATIONS EITHER THROUGH THEIR PERSONAL PARTICIPATION WHOM WAS ACTING IN A SUPERVISORY CAPACITY.

THE PLAINTIFF FOY CONCEDE THAT UNDER ALABAMA LAW FINAL POLICY MAKING AUTHORITY WITH RESPECT TO THE ELMORE CORRECTIONAL FACILITY AND ALL OTHER ALABAMA DEPARTMENT OF CORRECTIONS RESTS WITHIN THE AUTHORITY OF THESE FOUR(4)DEFENDANT[S];**GOVERNOR BOB RILEY AND COMMISSIONER DONAL CAMPBELL ESTABLISHES** POLICIES/PROCEDURES GOVERNING ADMINISTRATIVE REGULATIONS OF THE ALABAMA DEPARTMENT OF CORRECTIONS.**(SEE)DEFENDANT[S] EXHIBIT(F)AND(G)ADMINISTRATIVE REG 403 CLASSIFICATION OF INMATES.** LIKEWISE,DISCHARGING THESE DUTIES THROUGH SUBORDINATES.

THE DEFENDANT TROY KING WHOSE ONE OF THE FOUR(4)DEFENDANT[S]WHOM FILED A SPECIAL REPORT TO FOY COMPLAINT WHOSE DUTIES ARE SET OUT BY STATUE, ALA.CODE 36-15-1,ET SEQ AT PARAGRAPH (4)THAT READS IN PERTINENT PART. "HIS OR HER TERM OF OFFICE COMPILE A REPORT WHICH SHALL INCLUDE SUGGESTION FOR THE SUPPRESSION OF CRIME AND THE IMPROVEMENT OF THE CRIMINAL ADMIN- ISTRATION AS HE OR SHE MAY DEEM PROPER.SUCH REPORT SHALL ALSO CONTAIN A STATEMENT OF THE NUMBER OF CRIMINAL CASE DISPOSED OF IN THE ENTIRE STATE FOR THE PAST FOUR YEARS AS SHOWN BY REPORTS OF DISTRICT ATTORNEY: AND TAKING EACH CHARACTER OF CASES SEPARATELY.IT SHALL SHOW THE NUMBER DISPOSED OF IN EACH JUDICIAL CIRCUIT AND IN EACH CRIMINAL COURT OR OTHER COURT OR TERRITORY HAVING A SEPARATE DISTRICT ATTORNEY THE NUMBER OF CONVICTIONS,THE NUMBER OF ACQUITTUALS,THE NUMBER OF NOLLE PROSEQUIS ENTERED,THE NUMBER OF CASES WHICH WERE ABATED OR OTHERWISE DISPOSED OF, THE NUMBER OF SENTENCE OF DEATH,THE NUMBER OF SENTENCES TO THE PENITENTIARY".

THE PLAINTIFF HAS PRESENTED SEVERAL CLAIMS THAT THE DEFENDANT[S] IN THEIR SPECIAL REPORT FAILURE TO ADDRESS THE PLAINTIFF STATUTORY CLAIM 42 U.S.C.SECTION 1985(3)AND 1986 WHERE THE COMPLAINT CLEARLY ALLEGES THE DEFENDANT[S]DID CONSPIRE TOGETHER TO VIOLATE THE PLAINTIFF AND ALL OTHER SIMILARILY SITUATED CURRENT AND FUTURE FEMALE/MALE PRISONERS EIGHTH AMENDMENT RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT. FUTHERMORE,THE PLAINTIFF HAS PRESENTED SEVERAL CLAIMS THAT THE DEFENDANT[S] OPERATES ALABAMA PENAL SYSTEM SPECIFICALLY,ELMORE CORRECTIONAL FACILITY, IN A UNSAFE MANNER AND DO NOT PROVIDE THE INMATES WITH THE BASIS HUMAN NEEDS ALL IN VIOLATION OF THE EIGHTH AMENDMENT MADE APPLICABLE TO THE STATES BY THE FOURTEENTH AMENDMENT AND ENFORCED THROUGH 42 U.S.C 1983.IN SUPPORT OF HIS CLAIMS THE PLAINTIFF ASSEST THAT THE FOLLOWING CONDITIONS EXIST IN ALABAMA PENAL SYSTEM,SPECIFICALLY,ELMORE FACILITY. **(1)OVERCROWDING,(2)INADEQUATE SUPERVISION IN ALL OPEN DORMS,(3)IMPROPER OR INADEQUATE INMATES CLASSIFICATION,(4)INMATES VIOLENCE,(5)INADEQUATE LIVING SPACE,(6)INADEQUATE VENTILATION,(7)INADEQUATE MEDICAL CARE.**

THE PLAINTIFF AVERS THAT THE DEFENDANT[S]HAVE BEEN DELIBERATELY INDIFFERENT TO THESE CONDITIONS AND THE SERIOUS RISK THESE CONDITIONS POSES TO INMATES.IN THE DEFENDANT[S]SPECIAL REPORT THEY ARGUED THAT THEY ARE IMMUNE FROM SUIT PURSUANT TO THE ELEVENTH AMENDMENT AND §14, ALABAMA CONSTITUTION OF 1901.WHEN A GOVERNMENT DEFENDANT IS SUED IN HIS OFFICIAL CAPACITY UNDER FEDERAL LAW,THE CLAIM IS TREATED AS A CLAIM DIRECTLT AGAINST THE STATE OR LOCAL GOVERNMENT ENTITY.THE PLAINTIFF ASSERTS IN THE ABSENT AN EXPRESS WAIVER,THE ELEVENTH AMENDMENT BARS A DAMAGES ACTION AGAINST THE STATE IN FEDERAL COURT.**KENTUCKY V.GRAHAM, 473 U.S 159,169-105(1985).**LIKEWISE,THE ELEVENTH AMENDMENT BARS FEDERAL SUITS AGAINST STATE OFFICIALS IN THEIR **"OFFICIAL CAPACITY"**BECAUSE SUCH ACTIONS SEEK RECOVERY FROM STATE FUNDS.Id.

THE ELEVENTH AMENDMENT PROTECTS <u>NO</u> PERSONAL ASSETS IN "INDIVIDUAL" OR "PERSONAL" CAPACITY SUITS IN FEDERAL COURT.<u>HAFER V.MELO</u>,502 U.S 21, -112(1991).<u>GAMBLE V. FLORIDA DEPT.OF HEALTH & REHAB SVCS.</u>,779 F.2d 1509, 1518(11th CIR.1986).THE ELEVENTH AMENDMENT PROVIDES NO BAR TO THESE DEFENDANT[S]IN THE CASE OF FOY VERSES BOB RILEY TO RECOVER OF DAMAGES AGAINST STATE OFFICIALS ACTING IN THEIR INDIVIDUAL CAPACITIES.

ALABAM PENAL SYSTEM WAS ORIGINALLY DESIGNED TO HOLD 14,000 INMATES, THE SYSTEM IS DOUBLE IT'S CAPACITY AT 200%PERCENT.ELMORE CORRECTIONAL FACILITY WAS ORIGINALLY DESIGNED TO HOLD 600 INMATES ORIGINATION IN 1981 WITH MODULAR HOUSING UNIT AS DORMATORIES AND DESIGNED CAPACITY OF 600 INMATES.ELMORE NOW HAVES APPROXIMATELY 1,200 INMATES OF ALL SECURITY LEVELS.OVER THE YEARS MODIFICATION HAVE BEEN MADE TO THE FACILITY WAS NEVER MEANT TO HOUSE AS MANY AS 1,200 INMATES.THE ALABAMA DEPARTMENT OF CORRECTIONS PERSONNEL REPORT IN 2003 FOR ELMORE CORRECTIONAL FACILITY STATES(1)CORRECTIONAL STAFF-2003AUTHORIZED-85-ACTUAL-80 INMATES TO OFFICER RATIO WAS 14.9 OVER A PERIOD OF TWO YEARS .THE INMATES POPULATION CONTINUED TO INCREASE AND SECURITY STAFF DECREASE AND CONTINUED A SHORTAGE OF SIX(6)OFFICERS.**SEE EXHIBIT** _N_ .QUALIFIED STAFF SUFFICIENT TO MAINTAIN INSTITUTIONAL ORDER AND TO ADMINISTRATER PROGRAMS SHALL BE EMPLOYED BY THE DEFENDANT[S].<u>PUGH V.LOCKE</u>,406 F.SUPP318(1976).

FOY'S ALLEGATIONS IN HIS COMPLAINT STATES THAT THE DEFENDANT[S] FAILURE TO MAINTAIN AN ADEQUATE PRISON FACILITIES IN ACCORDING TO THE MANDATES OF <u>PUGH</u> IN VIOLATION OF 42 U.S.C §1983;U.S.C.CONST.AMENDS 8,14.DUE TO THE OVERCROWDINESS OF ELMORE CORRECTIONAL FACILITY AND OTHER ALABAMA STATE PRISONS.THE DEFENDANT[S]KNEW OR SHOULD HAVE KNOWN THAT THE ALABAMA PRISON SYSTEM IS OVER CROWDED AND THERE EXIST POTENTIAL THREAT FOR VIOLENT AND THE CONDITIONS ARE INHUMANE AND UNSAFE.<u>FARMER V. BRENNAM</u>,511 U.S 825-114(1994).

SPECIFICALLY,WARDEN THOMAS ACKNOWLEDGE THAT ELMORE CORRECTIONAL FACILITY IS OVERCROWDED AND NOW HOUSE APPROXIMATELY 1,200 INMATE WHICH IS FAR BEYOND IT'S ORIGINAL DESIGNED CAPACITY OF 600 INMATES. OVER THE YEARS THE FACILITIES INFRASTRUCTURE HAS BEEN MODIFIED AND ADDITIONAL BEDS AND DORMS HAVE BEEN ADDED AS THE INMATES POPULATION HAS GROWN.BEDS HAVE BEEN PLACED IN EVERY AVAILABLE SPARE IN EVERY DORM, THE ONLY REASON THAT MORE BEDS HAVE NOT BEEN ADDED TO THE DORM FACILITIES IS THAT SIMPLY PUT,NOT ONE MORE BED WILL FIT.EACH DORM HAS A SIMILAR LAY•OUT.**SEE EXHIBIT  P  **.BUNK BEDS ARE LAID IN ROWS AND ARRANGED HEAD TO TOE,WITHIN INCHES OF ONE ANOTHER,INMATES CAN LYE ON THEIR BEDS AND REACH OUT THEIR ARMS AND TOUCH OTHER INMATES.OLDER INMATES HAVE DIFFICULTY CLIMBING TO THEIR TOP BUNKS BECAUSE NO LADDERS ARE ATTACHED TO BEDS.LIVING SPACE AT ELMORE IS FURTHER RESTRICTED BY THE FACT THAT MANY INMATES SPEND THE MAJORITY OF THEIR FREE TIME CONFINED TO SMALL AREA'S OF THEIR BUNKS,SITTING ON THEIR BEDS.UNLIKE SOME PRISONS,SUCH AS WILLIAM E.DONALDSON,ST.CLAIR,LIMESTONE CORRECTIONAL FACILITIES,WHICH ONE OR TWO INMATES ARE HOUSED IN ONE CELL.ELMORE EMPLOYS THE OPEN DORM SYSTEM OF HOUSING 196 INMATES IN OPEN BAY DORMS, THIS TYPE OF HOUSING WHICH IS STANDARD THROUGHOUT THE PENAL SYSTEM STILL RAISES SIGNIFICANT SAFETY ISSUES THAT MUST BE ADDRESSED. SPECIFICALLY,THE DORM SYSTEM AT ELMORE CREATES VISIBILITY PROBLEMS FOR ALREADY UNDER STAFFED CORRECTIONAL OFFICERS.IT IS DIFFICULT FOR OFFICERS TO OBSERVE ACTIVITY IN THE DORMS,BECAUSE THE ROWS OF BUNK BEDS STACKED SO HIGH FROM THE FRONT OF THE DORMS TO THE BACK BLOCKS THE SIGHT LINE WITHIN THE DORM.THE BUNK BEDS ALSO MAKES IT DIFFICULT FOR AN OFFICER STANDING OR WALKING AT FLOOR LEVEL TO OBSERVE ACTIVITY TAKING PLACE ON BOTH THE BOTTOM AND TOP BUNKS.

WHILE BUNK BEDS MIGHT NOT POSE A PROBLEM TO VISIBILITY IN SMALLER CELLS,THE ROWS OF BUNKS BEDS WITHIN THE DORMS PREVENTS OFFICERS FROM CLEARLY OBSERVING INMATE ACTIVITY.MORE IMPORTANTLY,THE LARGER NUMBER OF INMATES HOUSED IN OPEN DORMS POSE A SIGNIFICANT SECURITY PROBLEM.PLAINTIFF FOY CONTENDS THAT ALL SIX DORM AT ELMORE CORRECTIONAL FACILITY ARE OVERCROWDED AND UNSANITARY WHERE,FIRE HAZARDS EXISTS OPEN DORMS ARE PARTICULARLY DANGEROUS WHEN A FACILITY IS OVERCROWDED AMONGS OTHER THINGS,INADEQUATE SUPERVISION,INCREASES VIOLENCE AND INMATE ACCESS TO WEAPONS.IN AN OVERCROWDED OPEN DORM WHERE WEAPONS ARE READILY AVAILABLE AND INMATES ARE MISCLASSIFIED AS STATED IN THE COMPLAINT,ADEQUATE STAFFING IS AN ABSOLUTELY NECESSITY.AT THE PRESENT DATE ELMORE CORRECTIONAL FACILITY IS SEVERELY UNDER STAFFED.
ELMORE PRESENTLY HOUSES APPROXIMATELY 1,200 INMATES WITH A CORRECTION STAFF OF 78 OFFICERS.TOTAL OFFICERS AUTHORIZED IS 85.**SEE EXHIBIT O .**
DUE TO SHORTAGE OF CORRECTION OFFICERS ALL DORMS ARE REGULARLY LEFT UNATTENDED.FOR INSTANCE,EACH BUILDING IS REQUIRED TO HAVE FOUR OFFICER, TWO(2)OFFICER PER DORM,ONE(1)CUBE OFFICER PER DORM AND ONE OFFICER(1) ROVER,THE BUILDING IS DESIGNED WITH TWO DORMS(A.SIDE AND B.SIDE)EACH SIDE IS CONSIDERED A DORM.DORMS ARE REGULARLY LEFT UNATTENDED WITH NO OFFICER TO ROVER BETWEEN DORMS.SOMETIMES ONE(1)OFFICER MUST ENSURE THE SAFETY OF APPROXIMATELY 400 INMATES LOCATED IN TWO DIFFERENT DORMS. IT IS THE NORM FOR ONE OFFICER TO ROVER BOTH DORM AND ONE(1)OFFICER STATION IN THE CUBE.THE DEFENDANT[S] ASSERT THAT THEY ARE ENTITLED TO THE PROTECTION OF QUALIFIED IMMUNITY.QUALIFIED IMMUNITY PROTECTS GOVERNMENT OFFICIALS PERFORMING DISCRETIONARY FUNCTIONS FROM SUITS IN THEIR INDIVIDUAL CAPACITIES UNLESS THEIR CONDUCT VIOLATES"**CLEARLY ESTABLISHED STATUTORY OR CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN.**"

PURSUANT TO **PUGH V.LOCKE** THE STANDARD PROCEDURES FOR THE ALABAMA PENAL INSTITUTION THERE SHALL BE AT LEAST ONE(1)GUARD INSIDE**(CUBICLE)**AND ONE (1)GUARD OUTSIDE**(LIVING AREA)**.THE DEFENDANT[S]IN THIS INSTANT CASE FAIL TO FULFILL THEIR DUTY IN PROVIDING INMATES REASONABLE PROTECTION FROM CONSTANT THREAT OF VIOLENCE WHERE THE HOUSING AT ELMORE FACILITY IS VIRTUALLY UNGUARDED.

CLASSIFICATION IS AN IMPORTANT PART OF ENSURING INMATES SAFETY, BECAUSE IT INVOLVES SEPARATING AGGRESSIVE INMATES FROM PASSIVE ONES AND MENTALLY ILL INMATES FROM A GENERAL POPULATION.NOT ONLY IS IT IMPORTANT TO CLASSIFY INMATES CORRECTLY,IT IS ALSO NECESSARY TO CONSTANTLY UPDATE AND KEEP EACH INMATE'S STATUS CURRENT.THIS MINIMIZES THE DANGER POSED BY VIOLENT INMATES AND NON•VIOLENT INMATES.INMATES ARE CLASSIFIED ACCORDING TO THEIR CRIMINAL MEDICAL AND BEHAVIOR HISTORY.ELMORE CORR- ECTIONAL FACILITY WAS DESIGNED FOR MINIMUM CUSTODY INMATES FOR ASSIGNMENT TO COMMUNITY PROJECTS,INDUSTRIES AND ENGINEERS.SELECTED INMATES IN MINIMUM IN CUSTODY MAYBE HOUSED AT ELMORE WHO WORK WITHIN THE PERIMETER OF THE FACILITY OR UNDER THE SUPERVISION OF A CORRECTIONAL OFFICER. THIS INSTITUTIONAL .IS ALSO REFERRED TO AS A MINUMUM CAMP AND CONSTITUTE THE LEAST RESTRICTIVE,NON COMMUNITY,INSTITUTIONAL ENVIRONMENT IN THE PRISON SYSTEM.DEFENDANT PAUL WHALEY II WAS NAMED AS A DEFENDANT AND BEING SUED IN HIS OFFICIAL AS WELL AS INDIVIDUAL CAPACITY AS THE DIRECTOR OF CLASSIFICATION IN THE DEFENDANT'S SPECIAL REPORT WHALEY GAVE AN AFFIDAVIT STATES IN PERTINENT PARTS"I AM DIRECTOR OF INMATE CLASSIFICATION.I HAVE NO CONTROL OVER HOW MANY INMATES CHOOSE TO COMMIT CRIMES OR HOW MANY ARE PLACED IN THE CUSTODY OF THE ALABAMA DEPARTMENT OF CORRECTIONS BY DULY CONSTITUTED COURTS OF LAW. HOWEVER,WHALEY'S JOB DESCRIPTION CLEARLY DEFINES THAT HE HAS THE FINAL SAY AS TO HOW INMATES ARE CLASSIFIED IN THEIR INSTITUTIONAL PLACEMENT

ALABAMA CLASSIFIES PRISONER'S INTO FIVE GROUPS MAXIMUM,CLOSE,MEDIUM, MINIMUM,AND COMMUNITY **HENDKING V.SMITH**,781 F.2d 850,851(11th cir.1986). DUE TO OVERCROWDINESS SEVERAL INMATES AT ELMORE WITH COMMUNITY CUSTODY I.E(WORK•RELEASE)SHOULD NOT BE PLACED HERE AT ELMORE CORRECTIONAL FACILITY. DUE TO LIMITED AMOUNT OF BED SPACE INMATES WITH COMMUNITY CUSTODY ARE PLACED AT MAXIMUM SECURITY PRISONS,JUST RECENTLY APPROXIMATELY SIX TO EIGHT INMATES WITH COMMUNITY CUSTODY WERE PLACED AT ELMORE CORRECTIONAL FACILITY.SOME INMATES AT ELMORE ARE OVER CLASSIFIED,MEANING THEY ARE ELIGIBLE FOR WORK•RELEASE OR DO NOT POSE A THREAT TO OTHER INMATES, YET ARE HOUSED WITH INMATES WHO MIGHT POSE SUCH A THREAT.OVERCLASSIFIC- ATION IS A SAFETY RISK TO OVERCLASSIFIED INMATES BECAUSE THEY HOUSED WITH INMATES WHO ARE MORE DANGEROUS THAN THEMSELVES UPDATING INMATE'S CLASSIFICATION PERIODICALLY WOULD IMPROVE BOTH SAFETY AND OVERCROWDING. THE PROPER CLASSIFICATION OF MENTALLY ILL INMATES IS ESPECIALLY IMPORTANT. THERE IS APPROXIMATELY 30 TO 40 INMATES RECEIVING MEDICATION FOR POSITIVE **(T.B)TUBERCULOIS**.THE INMATES SHOULD NOT BE HOUSED IN GENERAL POPULATION. HAMILTON A AND I CENTER IS THE FACILITY DESIGNED TO HOUSE THOSE INMATES WHO HAS BEEN GIVEN A MEDICAL CLASSIFICATION.THE DEFENDANT WHALEY AND THE CO•CONSPIRACY ARE NOT IMMUNE FOR VIOLATING FOY AND THE OTHER SIMIL- ARILY SITUATED TO BE FREE FROM THE EIGHTH AND FOURTEENTH AMENDMENT. DUE TO OVERCROWDED AND THE LARGE NUMBER OF INMATES AT ELMORE THIS INCREASED THE RISK TO INMATES SAFETY IN SEVERAL WAYS,INMATES CANNOT RETREAT THE ARBITRARY AND CAPRICIOUS CLASSIFICATION PLACEMENTS OF INMATES.

12.

WARDEN THOMAS IS THE WARDEN AT THE ELMORE CORRECTIONAL FACILITY ELMORE,ALABAMA.36025.IN HIS AFFIDAVIT DATED DECEMBER 1ST,2005. **SEE EXHIBIT_B.**HE ADDRESSED THE CONDITIONS SPECIFICALLY AT ELMORE CF. WHEN HE WAS APPOINTED WARDEN III FEBRUARY,2005.

WARDEN STATES THERE HAVE BEE ZERO(0)ASSAULTS AT ELMORE DURING THE CURRENT FISCAL YEAR.THIS STATEMENT MADE BY WARDEN THOMAS IS FACTUAL UNTRUE.

1.JUST RECENTLY,JANUARY 1,2006 INMATE PAUL COLLINS A.I.S#237534 WAS ASSAULTED.

2.NOVEMBER 27,2005 INMATE DARRELL MADDEN#242211 WAS ASSAULTED BY INMATE LARRY BAILEY**(SEE DISCIPLINARY REPORT EXHIBIT M )**

GLEARLY WARDEN THOMAS FAILED TO STATE THE ABOVE ASSAULT IN HIS AFFIDAVIT HE ADMITS THAT THE STATE OF ALABAMA PRISON'S ARE OVERCROWDED AND THE CONDITIONS ARE UNCONSTITUTIONAL BASED ON THE OVERCROWDINESS.

WARDEN THOMAS STATES THAT CLASSIFICATION STAFF AND TRAINING IS DEDICATED TO PRESERVING ORDER AND PROTECTION OF THE PUBLIC HAS RESULTED IN A PRISON SYSTEM THAT IS CERTAINLY WITHIN CONSTITUTIONAL PARAMETERS.

WARDEN THOMAS FAILED TO STATE THAT FIVE(5)INSTITUTIONS USES THE SAME HEALTH CARE UNIT,INMATES FROM ALL INSTITUTIONS ARE TAKEN TO H.C.U BY VANS.ALL THE INMATES ARE PACKED INTO A HOLDING CELL 24X24 WAITING TO SEE MEDICAL STAFF.

SPECIFICALLY,ON OCTOBER 28,2005 THIRTY-TWO(32)INMATES FROM ELMORE CF ALONE WAS TAKEN TO H.C.U INCLUDING OTHER PRISONER'S.THE CAPACITY OF THE HOLDING CELL IS DESIGNED TO HOLD FIFTHTEEN(15)INMATES.INMATES ARE NOT BEING MONITORED BY SECURITY.ON OCTOBER 31,2005 FORTY-THREE(43)INMATES WERE TAKEN TO H.C.U BY VANS AND PACKED IN HOLDING CELL.**SEE EXHIBIT L**

WITH NO SUPERVISION, THIS ALONE CREATES AN ENVIRONMENT FOR FIGHTS AND ASSAULTS.

ON AUGUST 5,2005 INMATE CLIFFORD ELLIS WAS TAKEN TO STATON HEALTH CARE UNIT. INMATE ELLIS HAS A KNOWN ENEMY AT STATON CF, BOTH INMATES WERE PLACED IN THE SAME HOLDING CELL AS A RESULT A FIGHT STARTED BETWEEN THESE TWO INMATES. IN OTHER WORDS, ONE INMATE WERE HOUSED AT DRAPER CF AND THE OTHER INMATE WERE TRANSPORTED FROM ELMORE CF, THESE INMATES SHOULDN'T HAVE NEVER BEEN TOGETHER. HOWEVER, DUE TO LACK OF CLASSIFICATION AND OVER ALL LACK OF DETAILS. THESE TWO INMATES STARTED FIGHTING WHICH COULD HAVE EASILY ELEVATED TO A DEATH. (SEE) EXHIBIT K

THE DEFENDANT[S] HAVE CLEARLY VIOLATED THE PLAINTIFF'S CONSTITUTIONAL RIGHTS. THE LANGUAGE OF THE COMPLAINT IN THIS CASE IS REMARKABLY SIMILAR TO THE LANGUAGE DISCUSSED BY THIS HONORABLE COURT IN **PGUH V. LOCKE, 406 F. SUPP 318.** IN WHICH THIS COURT CONCLUDED THAT THE CONDITIONS OF CONFINEMENT DID VIOLATED THE PLAINTIFF'S EIGHTH AND FOURTEENTH AMENDMENT RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT

### CONCLUSION

THE PLAINTIFF RESPECTFULLY REQUEST THAT UPON CONSIDERATION OF THIS MATTER THAT THIS HONORABLE COURT WILL CONSIDER THIS AS A MOTION FOR SUMMARY JUDGMENT AND DETERMINE THAT THERE IS GENUINE ISSUES AND MATERIAL FACTS AND SUBMIT THIS CASE TO THE JURY.

RESPECFULLY SUBMITTED,

_Leon Foy_
LEON FOY #125322
P.O BOX 8 B1-174
ELMORE, AL. 36025

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY THAT I HAVE SERVED A TRUE AND CORRECT COPY OF THE FOREGOING UPON THE DEFENDANT'S BY FIRST CLASS MAIL ON THIS THE _18_ DAY OF JANUARY 2006.

JACK WALLACE, JR.
OFFICE OF THE ATTORNEY GENERAL
11 SOUTH UNION STREET
MONTGOMERY, AL. 36130

STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
ALa.Bd.PAROLE & PARDONS
P.O BOX 302405
MONTGOMERY, AL. 36130

HUGH DAVIS
DEPUTY ATTORNEY GENERAL
ALa. Bd. PARDONS AND PAROLES
301 SOUTH RIPLEY STREET
P.O. BOX 302405
MONTGOMERY AL. 36130

RESPECTFULLY SUBMITTED

_Leon Foy_
LEON FOY # 125322
P.O BOX 8 B1-174
ELMORE, AL. 36025

15.