IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF
ALABAMA NORTHERN DIVISION

LEON FOY #125322
    PLAINTIFF,

VS.

BOB RILEY, ET AL,.
    DEFENDANT[S]

\* CIVIL ACTION NO: 2:05-CV-946-F

PLAINTIFF FOY ANSWER TO SPECIAL
REPORT OF DEFENDANT

COMES NOW, THE PLAINTIFF, LEON FOY #125322 PRO-SE AND SUBMIT HIS ANSWER TO SPECIAL REPORT OF DEFENDANT [WILLIAM SEGREST, EXECUTIVE DIRECTOR OF THE ALABAMA BOARD OF PARDON & PAROLES] PURSUANT TO THE ORDER OF THE COURT DATED 20th OF DECEMBER 2005. THE COMPLAINT IN THIS LAWSUIT CHARGES THAT CONDITIONS FOR INMATES AT ELMORE CF IN THE STATE OF ALABAMA PRISON SYSTEM VIOLATE THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION. THE PLAINTIFF, LEON FOY #125322 ARE A PRISONER INCARCERATED AT ELMORE CF LOCATED IN ELMORE COUNTY, ELMORE ALABAMA.

PARTIES

DEFENDANT[S] BOB RILEY, GOVERNER, DEPARTMENT OF CORRECTIONS COMMISSIONER DONAL CAMPBELL, ATTORNEY GENERAL TROY KING, DIRECTOR OF CLASSIFICATION PAUL WHALEY, EXECUTIVE DIRECTOR OF THE BOARD OF ALABAMA PARDONS & PAROLES WILLIAM SEGREST.
THE PLAINTIFF HAVE BROUGHT SUIT ON BEHALF OF HIMSELF AND ALL OTHER SIMILARILY SITUATED CURRENT AND FUTURE FEMALES/MALES STATE PRISONERS IN ALABAMA. PURSUANT TO STATUTORY CLAIMS 42 U.S.C §1983, 1985(3) and 1986 CHALLENGING THE UNCONSTITUTIONAL INHUMANE CONDITIONS THAT ARE FOUND TO

1.

EXIST IN THE ALABAMA PENAL INSTITUTIONS PLAINTIFF IS SEEKING DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF AS WELL AS MONETARY DAMAGES.

### DEFENDANT[S] ALLEGATIONS AND RESPONSE TO THE ORDER OF THE COURT

SEGREST DENIES THE MATERIAL AVERMENTS OF THE COMPLAINT AND IN PARTICULAR THE AVERMENTS OF PARAGRAPHS 13 AND 39, WHICH THE ONLY AVERMENTS DIRECTED TO HIM OR THE BOARD HE SERVES. THE BOARD OF PARDONS & PAROLES IS SEPARATE AND DISTINCT FROM THE DEPARTMENT OF CORRECTIONS. IN FACT, IT IS SEPARATE AND DISTINCT FROM THE EXECUTIVE BRANCH. IT IS NOT SUBORDINATE TO THE GOVERNER, BUT INSTEAD PERFORMS FUNCTIONS THAT ARE CONSTITUTIONALLY SEVERED FROM THE EXECUTIVE BRANCH AND VESTED IN THE LEGISLATIVE BRANCH PURSUANTS TO AMENDMENT 38 OF THE STATE CONSTITUTION. DEFENDANT SEGREST FURTHER ALLEGED IN HIS RESPONSE HE DOES NOT PERFORM THE FUNCTIONS OF THE BOARD. HE ADVISED THE BOARD AND HE CARRIES OUT ITS DECISIONS. SEGREST ALSO ALLEGES THAT THE PLAINTIFF COMPLAINT FAILS TO SHOW THAT ANY ACTION TAKEN BY HIM VIOLATES THE CONSTITUTION; THAT A REASONABLE OFFICIAL IN HIS POSITION WOULD KNOW THAT IT VIOLATES THE CONSTITUTION; AND THAT HIS ACTION VIOLATES CLEARLY ESTABLISHED LAW. SEGREST CONTENDS THAT THE CONSTITUTION DOES NOT REQUIRE THAT A STATE ESTABLISH A PAROLE SYSTEM OR THE CONSTITUTION DOES NOT REQUIRE THAT A PRISONER BE RELEASED PRIOR TO THE END OF THEIR SENTENCE. SEGREST AND THE BOARD DENIES ANY KNOWLEDGE OF THE FACTS REGARDING FOY'S AVERMENTS AGAINST THE OTHER DEFENDANT[S]. DEFENDANT ADMITS THAT FOY HAS BEEN CONSIDERED FOR PAROLE ON NUMBEROUS OCCASION AND HE WAS RECENTLY DENIED PAROLE ON THE **27th JULY 2005. THE** BOARD ORDERED FURTHER CONSIDERATION NEXT YEAR, 06.

PLAINTIFF'S EXHIBITS

EXHIBIT A-AFFIDAVIT OF PLAINTIFF LEON FOY

EXHIBIT B-AFFIDAVIT OF INMATE TOMMY L.WILLIAMS OF ELMORE CORR.FAC.

PLAINTIFF'S ALLEGATIONS AND

RESPONSE TO THE ORDER OF THE COURT

1. DEFENDANT[S]IS GUILTY OF DELIBERATE INDIFFERENCE BY CREATING A SUBSTANTIAL RISK OF BODILY HARM TO FOY OR DISREGARDED THE SUBSTANTIAL RISK OF SAFETY TO OTHER INMATES AS WELL.

2. PLAINTIFF'SFOY COMPLAINT IS ADEQUATE TO STATE A CLAIM AGAINST THE DEFENDANT[S]ENTITY.

3. PLAINTIFF'S HAVE STANDING TO RAISE THE STATUTORY 42 U.S.C§1983,1985(3) 1986CLAIMS CHALLENGING UNCONSTITUTIONAL MANNER RESULTING IN THE ARBITRARY AND CAPRICIOUS WAYS OF THE ALABAMA DEPT OF BOARD OF PARDONS & PAROLES IS REVIEWING FOY AND OTHER INMATES FOR RELEASE.

4.THE DEFENDANT CAN BE HELD LIABLE IN A 42 U.S.C.§1983 CIVIL ACTION FOR VIOLATIONS OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER A THEORY OF RESPONDANT SUPERIOR WHERE THEIR CONDUCT VIOLATES CLEARLY ESTABLISHED STATUTORY OR CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN.

5. DEFENDANT CONNOT CLAIM SOVEREIGN IMMUNITY PURSUANT TO §14,OF THE ALABAMA CONSTITUTION OF 1901 OR THE ELEVENTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHERE THEY ARE SUED IN THEIR INDIVIDUAL CAPACITIES.

6. DEFENDANT CANNOT CLAIM QUALIFIED IMMUNITY WHERE STATUTORY 42 u.s.c. §1983,1985(3)AND 1986 PERMITTED THE PLAINTIFF TO RECOVERY FOR CONSPIRACIES TO VIOLATE CLEARLY SETTLED RIGHTS.

7. THIS COURT CLEARLY HAVE SUBJECT-MATTER JURISDICTION OVER FOY STATUTORY CLAIMS UNDER 28 u.s.c.§1343(3).

### SUMMARY JUDGMENT STANDARD

A PARTY WHO MOVES FOR SUMMARY JUDGMENT UNDER FED.R.CIV.P.56 MUST MEET AN EXACTING STANDING. HE BEARS THE ENTIRE BURDEN OF DEMONSTRATING THAT THERE IS NO GENUINE DISPUTE AS TO ANY MATERIAL FACT AND THAT HE IN ENTITLED TO JUDGMENT AS A MATTER OF LAW. UNITED STATES V.HANGAR ONE,INC, 563 F.2d 1155(5th CIR.1977).

THE COURT MAY NOT RESOLVE ANY MATERIAL FACTUAL DISPUTE,BUT MUST DENY THE MOTION AND PROCEED TO TRIAL IF IT FINDS THAT SUCH AN ISSUE EXISTS. COLE V.CHEVRON CHEMICAL CO,427 F.2d 390,393(5th CIR.1970)CERT DENIED,414 U.S.858,(1973).

APPLYING THESE PRINCIPLES TO THIS CASE,A SUMMARY JUDGMENT SHOULD BE GRANTED ONLY WHEN THE TRUTH IS CLEAR.A SUMMARY JUDGMENT MAY BE IMPROPER EVEN THOUGH THE BASIC FACTS ARE UNDISPUTED IF THE PARTIES DISAGREE REGARDING THE MATERIAL FACTUAL INFERENCES THAT PROPERLY MAY BE DRAWN FROM THESE FACTS.

### ARGUMENT OF FACTS AND LAW

THE DEFENDANT ARE BEING SUED IN HIS OFFICIAL CAPACIES AS WELL AS INDIVIDUALLY.PURSUANT TO STATUTORY CLAIMS 42 U.S.C.§1983,1985 AND 1986. THE PLAINTIFF FOY IS SEEKING DECLARATORY AND INJUNCTIVE RELIEF AS WELL AS

MONETARY DAMAGES FOR VIOLATING HIM AND ALL OTHERS SIMILARILY SITUATED CURRENT AND FUTURE FEMALES/MALES STATE PRISONERS IN ALABAMA OF THEIR EIGHTH AND FOURTEENTH AMENDMENT RIGHTS TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT.DEFENDANT SEGREST ARGUES THAT HIM AND THE BOARD DOES NOT HAVE SPECIFIC KNOWLEDGE OF THE FACTS REGARDING FOY'S CLAIMS AGAINST THE OTHER DEFENDANT[S].SEGREST NEITHER ADMITS NOR DENIES THOSE CLAIMS, BUT STATED IF THOSE CLAIMS ARE TRUE,FOY HAS FAILED TO ALLEGE ANY ACTION BY WHICH THE BOARD OR SEGREST DENYING ARE DEPRIVING FOY OF HIS RIGHTS, PRIVILEGE OR IMMUNITY PROTECTED UNDER THE CONSTITUTION OF LAW OF THE UNITED STATES.FOY'S POSITION IS,THE APPLICABLE TEST FOR DETERMINING WHETHER STATEMENT OF REASON FOR DECISION DENYING PAROLE IS CONSTITUTIONALLY ADEQUATE AND WHETHER THE STATEMENT IS SUFFICIENT TO ENABLE REVIEWING BODY TO DETERMINE WHETHER PAROLE HAS BEEN DENIED FOR IMPERMISSIBLE REASON OR FOR NO REASON AT ALL.FOY FURTHER CONTENDS THAT THE DETAILS FINDINGS OF FACT ARE NOT REQUIRED.THE ESSENTIAL PURPOSE IS THERE IS NO EVIDENCE IN THE INMATES FILE OR AT HIS INTERVIEW ON WHICH IT RESTS THE DECRETIONARY DETERMINATION THAT THE INMATE IS NOT READY FOR CONDITIONAL RELEASE. INMATES ARE ONLY INTITLED TO BE TOLD WHY HIS REQUEST FOR PAROLE **HAS** BEEN GRANTED,YET ON THE OTHER HAND INMATES ARE NOT INTITLED TO BE TOLD WHY HIS REQUEST FOR PAROLE **HAS BEEN DENIED** AND THAT CAN BE ACCOMPLISHED SIMPLY BY INFORMING THE PAROLEE OF WHAT IS IN HIS FILES WAS FELT BY THE BOARD TO WARRANT THE DENIAL AND WHY.IF ALABAMA BOARD OF PARDONS & PAROLES HAS AUTOMATICALLY DENIED FOY PAROLE BY HIM COMMITTED THE OFFENSE OF MURDER IF THE BOARD'S HAS DENIED FOY OF PAROLE,BECAUSE HE COMMITTED THE OFFENSE OF MURDER,WITHOUT MORE WAS TANTAMOUNT  NO REASON AT ALL AND VIOLATES HIS RIGHTS TO DUE PROCESS.THE UNITED STATES SUPREME COURT HAS HELD IN THE CASE OF **UNITED STATES EX•REL.RICHERSON V.WOLFF 425 U.S.914,96** (1976).

THIS COURT HELD THAT WHEN A STATE HOLDS OUT THE POSSIBILITY OF PAROLE AND MAKES IT AN INTEGRAL PART OF ITS PENOLOGICAL SYSTEM,"**DUE PROCESS REQUIREMENTS APPLY AS A MINIMUM REQUIREMENT THAT REASONS BE GIVEN FOR THE DENIAL OF PAROLE RELEASE.**"FOY FURTHER CONTENDS,THAT THE ALABAMA PAROLE STATUTE HERE UNDER CONSIDRATION HAS CREATED A POSSIBLITY OF PAROLE FOR MURDERS AND OTHER VIOLENT OFFENDERS.THE ALABAMA PAROLE RELEASE STATUTE AT ISSUE IN THIS CASE IS PERACTICALLY §15-22-26 STATES AS FOLLOWS"NO PRISONER SHALL BE RELEASE ON PAROLE MERELY AS A REWARD FOR GOOD CONDUCT OR EFFICIENT PERFORMANCE OF DUTIES ASSIGNED IN PRISON, BUT ONLY IF THE BOARD OF PARDONS & PAROLE IS OF THE OPINION THAT THERE IS REASONABLE PROBABILITY THAT,IF SUCH PRISONER IS RELEASED ,HE WILL LIVE AND REMAIN AT LIBERTY WITHOUT VIOLATING THE LAW AND THAT HIS RELEASE IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.IF THE BOARD SHALL SO DETERMINE,SUCH PRISONER SHALL BE ALLOWED TO GO UPON PAROLE OUTSIDE OF THE PRISON WALLS AND ENCLOSURE UPON SUCH TERMS AND CONDITIONS AS THE BOARD SHAL PRESCRIBE,BUT TO REMAIN WHILE THUS ON PAROLE IN THE LEGAL CUSTODY OF THE WARDEN OF THE PRISON FROM WHICH HE IS PAROLED UNITL THE EXPIRATION OF THE MAXIMUM TERM SPECIFIED IN HIS SENTENCE OT UNTIL HE IS FULLY PARDON.HOWEVER,THE DEFENDANT HAS CLEARLY VIOLATED FOY AND OTHER SIMILARILY SITUATED FEMALES/MALE STATE PRISONERS OF THEIR STATUTORY RIGHTS TO PAROLE RELEASE BY NOT HAVING AN ADEQUATE CRITERIA TO PROPERLY REVIEW INMATES FOR PAROLE,THIS FAILURE HAS CAUSED A SERIOUS BACKLOGGED SYSTEM THAT HAS CREATED A**TICKING TIME BOMB,JUST WAITING TO EXPLODE** BY THE BOARD ALLOWING THE SYSTEM TO CONTINUE PRACTICING RETAINING FEMALE/MALE TECHNICAL VIOLATORS BACK INTO THE PRISONS OR TO CONTINUE PRACTICING HOLDING ARE DENYING INMATES THAT HAVE COMMITTED OFFENSES SUCH AS MURDER AND OTHER VIOLENT OFFENDERS THAT COMES INTO THE SYSTEMS WITH EXTREMELY LARGE SENTENCES OR LIFE SENTENCES THAT ENDS UP SERVING LIFE WITHOUT PAROLE.

DEFENDANT WILLIAM SEGREST HAS CLEARLY VIOLATED THE PLAINTIFF FOY AND OTHER SAMILARILY SITUATED FEMALE/MALE PRISONERSCONSTITUTIONAL RIGHTS BY NOT HAVING AN ADEQUATE CRITERIA TO INTERVIEW ARE RELEASE THE ALABAMA PRISONERS ON PAROLE IN VIOLATION OF THEIR FOURTEENTH AND EIGHTH AMENDMENT RIGHTS TO BE FREE FROM CRUEL & UNUSUAL PUNISHMENT.

## CONCLUSION

THE PLAINTIFF RESPECTFULLY REQUEST THAT UPON CONSIDERATION OF THIS MATTER THAT THIS HONORABLE COURT WILL CONSIDER THIS AS A MOTION FOR SUMMARY JUDGMENT AND DETERMINE THAT THERE IS GENUINE ISSUES AND MATERIAL FACTS AND SUBMIT THIS CASE TO THE JURY.

RESPECTFULLY SUBMITTED,

_____
LEON FOY #125322
P.O BOX 8 B1-132
ELMORE, AL. 36025

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LEON FOY#125322                    *
    PLAINTIFF,

V.                                 *

BOB RILEY,ET AL,.                  *
    DEFENDANT[S]                   CIVIL ACTION NO:2:05-cv-946-F
                                   *

<u>AFFIDAVIT</u>

STATE OF ALABAMA
ELMORE COUNTY

BEFORE ME,THE UNDERSIGNED AUTHORITY,A NOTARY PUBLIC IN AND FOR SAID COUNTY AND STATE OF ALABAMA AT LARGE PERSONALLY APPEARED LEON FOY,WHOSE BEING KNOWN TO ME AND BEING BY ME FIRST DULY SWORN,DEPOSE AND SAYS ON OATH AS FOLLOWS;

MY LEON FOY#125322 I AM HOUSED AT THE ELMORE CF AT THIS TIME,I HAVE BEEN IN PRISON 26 YEARS,I HAVE A LIFE SENTENCE OUT OF JEFFERSON COUNTY. I HAVE WITNESSED THE ALABAMA PARDONS & PAROLES ARBITRARY AND CAPRICIOUS DENY INMATES AND MYSELF ON MANY OCCASIONS AN ADEQUATE AND SUFFICIENT PAROLE INTERVIEWS.WILLIAM SEGREST AND THE BOARD ALONG WITH GOVERNOR BOB RILEY,DEPT OF CORR COMMISSIONER DONAL CAMPBELL,AS WELL AS THE ATTORNEY GENERAL,TROY KING KNOWINGLY THAT THEY HAVE INSUFFICIENT RATINGS ON RELEASING PRISONERS IN THE STATE OF ALABAMA.I HAVE PERSONALLY BEEN BROUGHT UP NUMBEROUS OF TIMES OVER THE PAST TEN YEARS AND HAVE BEEN DENIED ON THE GROUND OF MY OFFENSE[MURDER]BUT HAVE PAROLED INMATES WITH WORSER ARE HEINIOUS OFFENSES AND THIS INADEQUACY OF THE PAROLE BOARD THAT IS BEING OVERSEEN BY WILLIAM SEGREST THAT HAVE BEEN NAMED AS A DEFENDANT IS THIS CAUSE,HIS ACTION HAS BACKLOGGED THE PRISON SYSTEM TO THE POINT OF EXTREME DANGER.

```
                              LEON FOY#125322
                              P.O BOX 8 B1-132
                              ELMORE,AL.36025
```

STATE OF ALABAMA

ELMORE COUNTY

SWORN TO AND SUBSCRIBED BEFORE ME AND GIVEN UNDER MY HAND AND OFFICIAL SEAL THIS 29th DAY OF JANUARY,2006

_____                    10/22/09
NOTARY PUBLIC                               MY COMMISSION EXPIRES:

## AFFIDAVIT

I TOMMY L.WILLIAMS#147065 AM OVER THE LEGAL AGE OF 21.WERE RETURNED TO THE ALABAMA DEPARTMENT OF CORRECTION{A.D.O.C}AFTER A COURT HEARING BY TUSCALOSA DEPARTMENT OF PARDON & PAROLE WITH PAROLE OFFICER AND THE FIELD OFFICER TO DETERMINE WHETHER TO REVOKE OR RE•INSTATEMENT. AFTER THIS HEARING IT WAS RECOMMENDED THAT I BE RE•INSTATED UPON COMPLETION OF SUBSTANCE ABUSE PROGRAM{S.A.P}.ON OR ABOUT JANUARY 18, 2001 I WAS TRANSFERRED TO THE KILBY FACILITY FOR FINAL REVOCATION HEARING IN WHICH I NEVER RECEIVE,EVEN AS TODAY..AFTER BEING EVALUATED BY THE CLASSIFICATION DIVISION I WERE SENT TO THE HOLAM FACILITY{**MAX**} ALTHOUGH I WAS SUPPOSINGLY WENT DIRECTLY BACK TO THE STATUS THAT I WERE PAROLED FROM ACCORDING TO THE CLASSIFICATION MANAUL.BEFORE,BEING TRANSFERRED TO A.D.O.C I GOT INTO A CONFRONTATION WITH TWO OTHER INMATES AND BROKE <u>**BOTH HANDS**</u>,IN WHICH MEDICAL RECORDS WILL SHOW THAT I DID VISIT THE **DRUGCITY HOSPITAL** IN TUSCALOOSA COUNTY TO RECEIVE EX-RAYS ALONG WITH CASTS FOR **BOTH HANDS** AND PLACED ON SOME EXTREMELY INTOXICATING **NARCOTIC FOR SOME EXCRUCIATING PAIN**.AFTER,ARRIVING AT KILBY FACILITY THE OFFICERS AT THE RECEIVING UNIT HAD TO CALL FOR A FEMALE SEGENT FOR INSTRUCTIONS ON WHAT TO DO CONCERNING MY CONDITIONS. WHEN SHE CAME TO EVALUATE THE SITUATION SHE FELT THE NEED TO CONTACT THE WARDEN AND HE CAME TO THE RECEIVING UNIT AS WELL.SEVERAL HOURS LATER I WAS PLACED INTO AN ISOLATED CELL IN THE HOSPITAL WARD(WEST•WARD) SEPARATED FROM ALL OTHER INMATES.I REMAINED THERE FOR MORE THAN TWO WEEKS AND WAS TRANSFERRED TO THE HOLMAN FACILITY,ONE OF THE A.D.O.C **MOST DANGEROUS** MAXIMUM SECURITY INSTITUTION IN THE STATE.WITH THESE CONDITIONS**(CAST ON BOTH HANDS)**RECORDS WILL PROVE,BECUASE I HAD AN APPOINTMENT WITH A SPECIALIST[BONE]IN MONTGOMERY,IN WHICH OFFICERS

TRANSPORTED ME TOO.YET,UNTIL THIS VISIT WITH THE DOCTOR I CONTINUED TO TAKE MEDICINE FOR THE PAIN AND THE ADMINISTRATION[I.C.S]PLACED ME IN THE KITCHEN AS A JOB ASSIGNMENT AND THE SHIFT OFFICE ASSIGNED ME TO HOUSE IN AN OPEN BAY AREA AMONGST APPROXIMATELY 200 OTHER INMATES,UNABLE TO PROPERLY USE THE BATHROOM ON MY OWN,NOT TO MENTION BEING ASSIGNED TO A TOP BUNK.AFTER GOING TO THE LIBRARY I LEARNED THAT IN THE CLASSIFICATIONAL INITIAL MANUAL READS"IN THE EVENT OF PAROLEE BEING RETURNED BACK TO A.D.O.C UNDER TECHNICAL VIOLATION THIS PARLEE SUPPOSE TO RETURN TO THE SAME STATUS IN WHICH HE WERE RELEASED,I PAROLED FROM THE LIMESTONE FACILITY.SO,THE A.D.O.C CLASSIFICATIONAL REVIEW BOARD COULD HAVE VERY WELL DEPRIVED ME OF ONE OF MY CONSTITUTIONAL RIGHTS BY NOT ALLOWING ME TO BE FREE OF CRUEL & UNUSUAL PUNISHMENT(5TH AMENDMENT).

_____
TOMMY L.WILLIAMS#147065

STATE OF ALABAMA
ELMORE,COUNTY

SWORN TO AND SUBSCRIBED BEFORE ME AND GIVEN UNDER MY HAND AND OFFICIAL SEAL THIS 25th DAY OF JANUARY,2006

_____           10/23/05
NOTARY PUBLIC                    MY COMMISSION EXPIRES: